```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

ROBERT LENNING, et al.           :

                                              :

   v.                           : Civil Action No. DKC 2005-1548

                                              :

RHODE RIVER MARINA, INC.,
et al.                           :

**MEMORANDUM OPINION**

This case was removed by Defendants from the Circuit Court for St. Mary's County, on the basis of federal question jurisdiction over the alleged violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d) in Count VIII, with supplemental jurisdiction over the remaining state law claims. After removal, Plaintiff filed an Amended Complaint, with the consent of Defendants, deleting the federal claim. He now moves to remand the remaining state law claims, and Defendants do not object.

Under 28 U.S.C. § 1367(c)(3), the court has discretion to decline exercising supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction . . . ." *See Bigg Wolf Discount Video Movie Sales, Inc. v. Montgomery County, Maryland*, 256 F.Supp.2d 385, 400-01 (D.Md. 2003). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned

that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surerfooted reading of applicable law." The *Gibbs* Court went on to say that "if the federal law claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.*; *see also Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[W]e conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

Under the circumstances here, at the threshold of the litigation, and with the acquiescence of all parties, the court will decline to exercise supplemental jurisdiction and the case will be remanded.

                /s/
              DEBORAH K. CHASANOW
              United States District Judge